UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES B. FAUST,
    Plaintiff,

v.

SHERIFF ANDREA CABRAL, ET AL.,
    Defendants.

CIVIL ACTION NO.
12-11091 -DJC

-----------------------------------------------------

JAMES B. FAUST,
    Plaintiff,

v.

SHERIFF ANDREA CABRAL, ET AL.,
    Defendants.

CIVIL ACTION NO.
12-11020-DJC

## MEMORANDUM AND ORDER

**CASPER, D. J.**                                                            July 30, 2012

### I. Introduction

    A.    <u>The First Civil Action: Faust v. Cabral, et al., Civil Action No. 12-11020-DJC</u>

On June 8, 2012, plaintiff James Faust ("Faust"), a prisoner in custody at the Suffolk County House of Correction, South Bay ("SCHC") in Boston, Massachusetts, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, for violations of his First and Eighth Amendment rights. He also asserts a pendant claim for negligence, and an assault claim. See <u>Faust v. Cabral, et al.</u>, Civil Action No. 12-11020-DJC. Faust names five defendants: (1) Andrea Cabral ("Cabral"), the Sheriff of Suffolk County; (2) Gerard Horgan, the Superintendent of SCHC; (3) Sgt. Melberg ("Melberg"), an officer at SCHC; (4) Naphcare Mental Health Services ("Naphcare"), a part of the medical services department at SCHC; and (5) an inmate at SHCH, identified as KHOA DO (inmate #1201111). Compl. at 1-2.

Briefly, Faust alleges that on March 23, 2012, he filed a grievance with SCHC alleging that Melberg was improperly restricting his access to the law library. Id. at 2; Exh. A at 1. Faust claims that, in retaliation for filing this grievance, on April 9, 2012, Melberg removed Faust's then-cellmate, replacing that cellmate with another inmate named KHOA DO. Faust claims that Melberg knew that KHOA DO had mental health issues and a "history of assultive behavior" [sic]. Id.

On April 11, 2012, Faust alleges that he was assaulted by KHOA DO and that, notwithstanding the assault was upon him, a disciplinary report was filed against him and he was moved to an isolation unit. Id. In the subsequent administrative disciplinary hearing, Faust was found not guilty of the charges levied against him. Id.; Exh. B at 2. Following the disciplinary hearing, on April 16, 2012, Faust filed an administrative grievance in which he asserted that KHOA DO's assault was orchestrated by Melberg in retaliation for the original grievance filed on March 23, 2012. Id. at 3; Exh. C at 2. This second grievance was denied.

Faust alleges that defendants Melberg, Cabral, Horgan and Naphcare were deliberately indifferent and violated his Eighth Amendment rights with respect to his protecting him from harm. Specifically, he contends that Melberg was deliberately indifferent by placing KHOA DO in his cell knowing him to pose a substantial risk of harm to Faust, thereby resulting in personal injuries caused by KHOA DO's assault. Next, Faust claims that Naphcare was deliberately indifferent due to its alleged policies of restricting or refusing follow-up care after a doctor ordered such care, thereby leading to further physical injuries and emotional pain. Additionally, Faust claims that Naphcare was deliberately indifferent by its alleged refusal to authorize the removal of KHOA DO from his cell.

Faust also alleges that Cabral and Horgan were deliberately indifferent due to their failure

to ensure that certain policies were followed to protect inmates from other inmates who have mental health issues. In addition to Eighth Amendment violations, Faust claims that defendants Melberg, Cabral and Horgan violated his constitutional rights by refusing to provide protection from KHOA DO. He argues that this failure to protect constituted a form of retaliation for Faust's petitioning the government for redress.

Further, Faust alleges that defendants Melberg, Cabral, Horgan and Naphcare were negligent due to their failure to provide protection of him from KHOA DO. Id. Specifically, Faust claims that Naphcare's failure to protect him stems from Naphcare's failure to screen "impaired mental health inmates." Id. at 6.

Finally, although Faust fails to set forth his claim against KHOA DO in the body of the Complaint, he indicates in the "parties" section of the Complaint that he is suing him for assault (presumably, he seeks to invoke supplemental jurisdiction over this claim to add him as a party).

Faust requests monetary, declaratory and equitable relief. He seeks $140,000.00 in compensatory and punitive damages as well as a temporary restraining order, although he does not specify against whom the restraining order would be or what specific action he seeks to have restrained, except that he seeks an order requiring Naphcare to provide doctor-ordered physical therapy. Faust also requests declaratory relief in the form of an order declaring that his constitutional rights were violated and that he was retaliated against.

Accompanying the Complaint, Faust filed a Motion for Leave to Proceed *in forma pauperis* (D. 2); however, he failed to submit his certified prison account statement as required under 28 U.S.C. § 1915(a)(2). As a result, on June 15, 2012, this Court entered a Procedural Order (D. 5) denying Faust's *in forma pauperis* motion and directing him either to pay the $350.00 filing fee or file a renewed Motion for Leave to Proceed *in forma pauperis* with his certified prison account.

On July 9, 2012, Faust filed a Motion for Appointment of Counsel (D. 6) and a Motion for Leave to Proceed *in forma pauperis* (D. 7), along with several attachments including, *inter alia*, a copies of Faust's request to the Inmate Legal Services Office at SCHC for medical records and for his prison accounts statement, as well as his Commissary Statement.

       B.     <u>The Second Civil Action: Faust v. Cabral, et al., Civil Action No. 12-11091-DJC</u>

On June 18, 2012, Faust filed a second civil rights Complaint (with Exhibits), which he dated June 14, 2012.[1] See <u>Faust v. Cabral, et al.</u>, Civil Action No. 12-11091-DJC. The Complaint and Exhibits are virtually identical to his prior civil action in every respect except for the date Faust signed the Complaint and except that he filed a Motion for Leave to Proceed *in forma pauperis* with his prison commissary account statement.

## II.    Discussion

       A.     <u>Faust Has Filed Duplicative Civil Actions</u>

In view of the fact that Faust's second Complaint is identical to the first Complaint, this Court presumes that Faust's later filing was made to ensure the Court received his first Complaint rather than to raise a second identical lawsuit and incur two separate filing fee obligations (which would make his total filing fee obligation $700.00 instead of $350.00).

In light of the duplicity of claims, the later civil action (Civil Action No. 12-11091-DJC) is <u>DISMISSED</u> without prejudice. Faust may seek to vacate the dismissal provided he show cause why this action is not duplicative.

If the action is reopened, Faust will be assessed a filing fee for the action pursuant to 28 U.S.C. § 1915(b).

---

[1] Apparently, this Court's Procedural Order was entered the day after Faust dated his second Complaint, but was received for filing by this Court after the Procedural Order entered.

B.    The Motions for Leave to Proceed *In Forma Pauperis*

Faust's Motion for Leave to Proceed *in forma pauperis* (D. 2) is DENIED as moot with respect to Civil Action No. 12-11091-DJC in light of the dismissal of that action.

With respect to Civil Action No. 12-11020-DJC, upon review of Faust's financial disclosures and prison account statement indicating that he has no substantial assets or other income, this Court finds that he has demonstrated sufficiently that he lacks funds to pay the $350.00 filing fee for this action. Accordingly, Faust's Motion for Leave to Proceed *in forma pauperis* (D. 7) is ALLOWED as to Civil Action No. 12-11020-DJC.

Because Faust is a prisoner, he is obligated to make payments toward the filing fee pursuant to the Prison Litigation Reform Act ("PLRA"). Therefore, it is Ordered that, in connection with Civil Action No. 12-11020-DJC:

1. Plaintiff James B. Faust is assessed an initial partial filing fee of $ 6.93, pursuant to 28 U.S.C. § 1915(b)(1)(A);[2] and

2. The remainder of the fee $ 343.07 is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

This assessment is made regardless of whether Faust currently has funds in his account to pay the initial partial assessment. The *in forma pauperis* statute provides for assessment at the time suit is filed, and for collection "when funds exist." 28 U.S.C. § 1915(b)(1). Further, because Faust has filed other civil actions, the Court notes that this assessment is made apart from any other assessments ordered in his other civil actions; however, for purposes of clarification for crediting

---

[2]Faust's commissary statement does not provide sufficient information for this Court to assess the filing fee based on Faust's average monthly deposits for the six-month period preceding the filing of the Complaint. In light of this, the calculation of Faust's initial partial filing fee is based on a manual calculation of 20% of the average monthly deposits in his account from December 6, 2011 through May 31, 2012 as reflected in the statement provided. Faust may seek reconsideration of the calculation provided he submit credible evidence of some other calculation that should be used by this Court.

any funds received from Faust, this Court intends that any funds received from his prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915. In other words, Faust's filing fee shall be collected consecutively and not simultaneously with any prior filing fee obligation imposed by a court. See Ruston v. NBC Television, USCA No. 06-4672-cv (2d Cir. 2009) citing Whitfield v. Scully, 241 F.3d, 241 F.3d 264, 277 (2d Cir. 2001); see also Lafauci v. Cunningham, 139 F. Supp. 2d 144, 147 (D. Mass. 2001) (reviewing decisions of the courts of appeals for the Second, Seventh and District of Columbia circuits and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").

    C.    Screening of the Complaint in Civil Action No. 12-11020-DJC

The PLRA, Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), contains several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (*proceedings in forma pauperis*); 28 U.S.C. § 1915A (screening of suits against governmental officers and entities). In connection with this preliminary screening, this Court construes Faust's *pro se* Complaint generously. While the Complaint is not pristine, this Court will permit this action to proceed in its entirety.

    D.    Issuance of Summonses; Service by the United States Marshal

In light of the above, this Court will direct the Clerk to issue summonses with respect to defendants Cabral, Horgan, Melberg, Naphcare and KHOA DO in connection with Civil Action No. 12-11020-DJC. The Clerk will also be directed to send the summons(es), Complaint, and this Order to Faust, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m).

Faust may elect to have service made by the United States Marshal Service. If directed by Faust to do so, the United States Marshal shall serve the summons(es), Complaint and this

Memorandum and Order upon the defendants, in the manner directed by Faust, with all costs of service to be advanced by the United States Marshal Service.

Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, Faust shall have 120 days from the date of this Order to complete service.

E.   The Request for Temporary Injunctive Relief

As noted above, in the body of the first Complaint (and not by separate motion), Faust seeks a Temporary Restraining Order although the exact relief sought is not specified apart from an Order for physical therapy. To obtain the extraordinary remedy of preliminary injunctive relief a party must show that: (1) he will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely to succeed on the merits of the case; and (4) the injunction does not adversely affect the public interest. Voice of The Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011); Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see Weaver v. Henderson, 984, F. 2d 11, 12 (1st. 1993); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four part preliminary injunction test to temporary restraining orders). Likelihood of success on the merits is the critical element of the four-factor framework. Weaver, 984 F.2d at 12.

Here, this Court will not construe Faust's request as one for a preliminary injunction because preliminary injunctions may not be issued without notice to the adverse party and the motion does not appear to have been served on the defendants. See Fed. R. Civ. P. 65(a)(1). To the extent Faust seeks an *ex parte* restraining order, such relief may be sought pursuant to Fed. R. Civ. P. 65(b). The same four-factor test for preliminary injunctions also has been extended to temporary restraining orders. Levesque v. State of Maine, 587 F.2d 78, 80 (1st Cir. 1976); see Butler v. Maine Sup. Jud.

7

Ct., 758 F. Supp. 37, 38 (D. Me. 1991) (applying criteria). A party seeking an *ex parte* temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. See Fed. R. Civ. P. 65(b). Further, the party's attorney (or the party himself, if proceeding *pro se* as here) must certify to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Id.

As an initial matter, Faust has not certified his efforts to give notice to the adverse parties regarding his request for immediate injunctive relief. Additionally, Faust has not shown that he has exhausted his administrative remedies with respect to his requested temporary injunctive relief. More importantly, however, this Court cannot find, based on the current record, that Faust is entitled to temporary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, on an *ex parte* basis. At this juncture, Faust has not shown sufficiently that he has a likelihood of success on the merits as to his allegations of retaliation (or of inadequate medical care). The record needs to be developed further before this Court can assess adequately the merits of his claims. Additionally, without the benefit of a response from the defendants, this Court cannot assess whether the harm to the defendants would not outweigh the harm to him should injunctive relief be granted. Further, on this record, this Court cannot find that granting the relief requested would not adversely effect the public interest in having secure prisons and in providing minimally adequate medical care meeting constitutional requirements and not the care of choice.

For all of these reasons, Faust's request for *ex parte* injunctive relief is DENIED in its entirety without prejudice to renew his request after he has satisfied the filing fee requirements of this Court and after the defendants have filed a responsive pleading to the Complaint.

F.     The Motion for Appointment of Counsel in Civil Action No. 12-11020-DJC

Faust seeks appointment of counsel because he is indigent, has limited access to the law library and the law, and has not been able to secure counsel on his own although his is attempting to do so. Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id. at 24.

At this juncture, this Court finds that appointment of *pro bono* counsel is not warranted. First, Faust presents no unique circumstances warranting appointment. Many prisoner litigants are indigent, have limited access to the law library and limited knowledge of the law. Although Faust contends the issues raised are extremely complex, this Court does not find that he raises novel or complex issues of law or fact sufficient to justify use of scarce *pro bono* resources. Moreover, Faust has filed a number of other suits in this Court, and thus has some knowledge of legal terms and the legal process. His pleadings are organized and coherent, demonstrating a proficiency in the English language. Further, Faust has considered himself proficient enough to assist another inmate in legal matters. See Faust v. Cabral, et al., Civil Action No. 11-10422-DPW (suit arising out of disciplinary sanction for assisting another inmate with preparation of legal documents).

9

Finally, and most importantly, this Court cannot find, on this record, the merits of Faust's claims are questionable, as noted above.

For all of these reasons, Faust's Motion for Appointment of Counsel (D. 6) is DENIED without prejudice to renew after the defendants have filed a responsive pleading, upon the filing of a renewed motion with good cause shown why this case presents exceptional circumstances warranting *pro bono* counsel.

### III. Conclusion

Based on the foregoing, it is hereby Ordered that:

1. Civil Action No. 12- 11091-DJC is DISMISSED without prejudice as duplicative of Civil Action No. 12-11020-DJC;

2. Plaintiff's Motion for Leave to Proceed *in forma pauperis* in Civil Action No. 12-11091-DJC (D. 2) is DENIED as moot;

3. Plaintiff's Motion for Leave to Proceed *in forma pauperis* filed in Civil Action No. 12-11020-DJC (D. 7) is ALLOWED; the filing fee is ASSESSED pursuant to 28 U.S.C. § 1915(b);

4. The Clerk shall issue summonses as to defendants Sheriff Cabral, Superintendent Horgan, Sgt. Melberg, Naphcare Mental Health Services and KHOA DO with respect to Civil Action No. 12-11020-DJC;

5. If directed by the Plaintiff to do so, the United States Marshal Service shall effect service of process on the defendants and shall advance the costs of service;

6. Plaintiff's request for *ex parte* injunctive relief (contained in the body of his Complaint in Civil Action No. 12-11020-DJC) is DENIED; and

7. Plaintiff's Motion for Appointment of Counsel in Civil Action No. 12-11020-DJC (D. 7) is DENIED.

SO ORDERED.

                                              /s/ Denise J. Casper
                                              Denise J. Casper
                                              U.S. District Judge